UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM SCOTT ADAMS,

    Plaintiff,

v.                                              Case No.:  2:25-cv-575-SPC-NPM

T. POULTON *et al.*,

    Defendants.
    _____/

## OPINION AND ORDER

Before the Court is Plaintiff William Scott Adams' Complaint (Doc. 1). Adams is a pretrial detainee in Charlotte County Jail, and he sues four county officials under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Adams leave to proceed *in forma pauperis*, so the Court must review the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Adams alleges he submitted multiple requests to jail officials for legal materials. Defendants Poulton, Davies, and Jordan denied at least one request each because it did not comply with jail policy, or because Adams could not pay the requisite $0.15 printing charge.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). To state an access-to-the-

courts claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A detainee can only sue those officials who personally participated in the injury. *Coleman v. Bowden*, 797 F. App'x 422, 427 (11th Cir. 2019). Officials are not liable merely because they have supervisory authority or because they denied a grievance. *Id.*

As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show that officials hindered his efforts to proceed with a nonfrivolous legal claim in a criminal case, postconviction matter, or civil rights action. *Id.* at 356; *see also Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Adams does not state whether he seeks legal materials to pursue a civil claim or to defend himself in the pending state criminal case. Either way, he fails to state a claim for denial of access to courts. Adams does not identify any civil claim or criminal defense—much less a nonfrivolous claim or defense—he

3

wanted to assert but could not. What is more, the Eleventh Circuit has "held that a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 F. App'x 785, 789 (11th Cir. 2011). According to the online docket for Adams' pending criminal case—Charlotte County Circuit Court Case No. 21002213F—the state court appointed a public defender to represent Adams, but Adams refused public defender services. Because Adams waived his right to counsel, he has no constitutional right to access legal resources to aid in his defense during his pre-trial detention.

Accordingly, it is **ORDERED:**

Plaintiff William Scott Adams Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim. If Adams believes he can state a claim under § 1983, he may file an amended complaint by **July 28, 2025**. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 7, 2025.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4