UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM SCOTT ADAMS,

    Plaintiff,

v.                                  Case No.:   2:25-cv-575-SPC-NPM

T. POULTON *et al.*,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff William Scott Adams' Pleading to Show Cause with Memorandum of Law (Doc. 10), which the Court construes as an amended complaint.  Adams is a pretrial detainee in Charlotte County Jail, and he sues four county officials under 42 U.S.C. § 1983 *pro se* and *in forma pauperis*.  The Court dismissed Adams' initial complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2).  Adams filed an amended complaint in the hopes of keeping this action alive.

Adams alleges Charlotte County Jail has failed to provide him adequate access to legal materials in violation of state and federal law.  The Court summarized the relevant federal law in its prior order:

> State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).  To state an access-to-the-courts claim, a detainee must show actual

> injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996)… As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show that officials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

(Doc. 4 at 2-3). Adams' initial complaint failed to state a constitutional claim because it did not "identify any civil claim or criminal defense—much less a nonfrivolous claim or defense—he wanted to assert but could not." (*Id.* at 3). The Court gave Adams leave to file an amended complaint and provided a civil-rights complaint form.

In his amended complaint, Adams claims jail officials provide him a monthly *pro se* stationary kit, which includes just four sheets of paper and two envelopes. Adams states he is proceeding *pro se* in Case No. 2D2025-1356 before Florida's Sixth District Court of Appeals (6th DCA). According to the state court's online docket, the 6th DCA construed Adams' filing in that case as a motion to correct sentence and transferred it to the 12th Judicial Circuit Court in and for Sarasota County.

Adams's amended complaint is deficient for the same reason as the original—it does not identify a nonfrivolous claim frustrated by a lack of access to sufficient legal materials. The state action Adams identifies is proceeding as a motion to correct the sentence in 12th Judicial Circuit Court Case No. 2013-CF-6836. Adams does not demonstrate he has a nonfrivolous claim to raise in that case. Florida Rule of Criminal Procedure 3.850(b) generally prohibits post-conviction motions filed more than two years after the sentence becomes final. Adams' sentence was entered in 2013, and he did not appeal. Based on the information before the Court, it appears Adams filed the motion to correct sentence about 10 years too late. Regardless, there is no indication in the amended complaint or the state court dockets that Adams' lack of access to writing materials have hindered his ability to pursue his claims.

The Court also notes that Adams elected to file his amended complaint on notebook paper rather than the form the Court provided. Not only does that undermine Adams' assertion that he lacks enough paper to pursue legal claims, it violates the Court's local rules. *See* M.D. Fla. 6.04(a) ("A pro se person in custody must use the standard form – available without charge from the clerk and on the court's website – to file…a complaint…that alleges a violation of the United States Constitution or other federal law by a governmental official.").

In short, Adams' bare assertion that the jail does not give him enough paper does not state a plausible access-to-the courts claim. And because further amendment appears futile, the Court will close this case and dismiss Adams' action without prejudice. Adams may file a new action if jail officials hinder his ability to pursue a nonfrivolous legal claim.

Accordingly, it is

**ORDERED:**

Plaintiff William Scott Adams amended complaint (Doc. 10) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, on August 4, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4